IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CORY S. HECKATHORNE and<br>CHRISTINE M. HECKATHORNE,<br>individually and as parents of<br>M.E.H., a minor,<br>                Plaintiffs<br>    v.<br><br>FRANKLIN AREA SCHOOL DISTRICT;<br>PAMELA DYE, Superintendent of the<br>Franklin Area School District;<br>CHRISTINA F. COHLHEPP, Principal of the<br>Franklin Middle School; and<br>KYLE S. ASKINS,<br>                Defendants | Civil Action No._____<br><br>**ELECTRONICALLY FILED**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiffs, Cory S. Heckathorne and Christine M. Heckathorne, individually and as the parents and natural guardians of M.E.H., a minor, by their undersigned counsel, bring this action against the above-named Defendants for damages and other relief and in support thereof state the following:

### A. Nature of Action

1. This action arises from a long course of inappropriate physical contact by Defendant Kyle S. Askins with the minor Plaintiff during the time he was a teacher and coach at the Franklin Middle School within the Franklin Area School District.

2. Plaintiffs seek redress pursuant to 42 U.S.C. §1983 and Title IX of the Education Amendments of 1972, 20 U.S.C. §§1681-1688 (hereinafter "Title IX"), as well as certain provisions of Pennsylvania law.

## B. Parties

3. Minor Plaintiff M.E.H. is currently fifteen (15) years of age. She resides in Venango County, Pennsylvania, with her parents, Plaintiffs Cory S. Heckathorne and Christine M. Heckathorne.

4. Defendant Franklin Area School District (hereinafter "the District") is an entity organized under the laws of Pennsylvania, operating several public schools within a designated geographical area in Venango County, including the Franklin Middle School.

5. Between 2016 and May 2017 at times material to this Complaint, Defendant Christina F. Cohlhepp (hereinafter "Cohlhepp") was the principal of Franklin Middle School, which the minor Plaintiff attended for several years, including the 2016-2017 school year.

6. Defendant Pamela Dye (hereinafter "Dye") was at all times material to this Complaint (and remains to this day) the Superintendent of the District.

7. Defendant Kyle S. Askins (hereinafter "Askins") was employed by the Defendant Franklin Area School District as a health and/or physical education teacher and coach during the 2016-2017 school year in the Franklin Middle School.

## C. Jurisdiction

8. Jurisdiction is vested in this Court due to federal questions presented by Plaintiffs' statutory claims, 28 U.S.C. §§1331, 1343. The Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

9. At all times relevant hereto, all Defendants acted pursuant to or under color of state law as those terms are construed under 42 U.S.C. §1983.

10. At all times relevant hereto, the District received federal funds for the provision of educational services and programs within the District.

### D. Venue

11. Pursuant to 28 U.S.C. §1391, venue lies properly within this judicial district, as the Defendants may be found therein, and the events and conduct giving rise to this Complaint occurred therein.

### E. Material Facts

12. During the 2016-2017 school year, M.E.H. was thirteen (13) years of age and enrolled in the eighth grade in the Franklin Middle School, a school that was part of the District.

13. In August 2016, the Plaintiffs' family experienced a tragic loss with the sudden deaths of the minor Plaintiffs' paternal grandmother and grandfather. As a result of these deaths, the minor Plaintiff M.E.H. began the 2016-2017 school year suffering considerable grief and emotional trauma, for which she sought and received counseling from the middle school guidance counselor employed by the District.

14. It was also during the commencement of the 2016-2017 school year, that M.E.H. participated in middle school cross country for the District, which was coached by Askins, who at the time was twenty-five (25) years of age, and beginning his second year of employment with the District as a health/physical education teacher and coach in the Franklin Middle School.

15. During the 2016-2017 middle school cross country season, Askins, described by M.E.H.'s guidance counselor as a young teacher and a "nice young man" who can relate to his students, interjected himself and assumed the role as a personal confidant for M.E.H., paying more attention to her under the pretense of providing her emotional support through her grief and bereavement, all without the prior knowledge or approval of the District, including Cohlhepp who acted as Askins' immediate supervisor in the middle school.

16. Also, during the 2016-2017 school year, M.E.H. participated in (a) the middle school talent show, an extracurricular event that Askins supervised and mentored; and (b) the winter fitness program, another extracurricular, after-school program that Askins coordinated and supervised to keep students physically conditioned over the winter months.

17. Throughout the 2016-2017 school year, Askins enticed and solicited M.E.H. to come to Askins' home/classroom at the beginning of the school day; and to come to Askins' separate office both prior to the beginning of, and after, normal school/class hours, all during times M.E.H. was not enrolled in a course or activity at Askins' classroom or his office.

18. It is important to note that Askins did not have M.E.H. as a student during this school year, and M.E.H. was not enrolled in any class taught by Askins during said school year.

19. After the mid-winter break during the 2016-2017 school year, M.E.H. spent more and more time with Askins alone in his office and other areas of the Franklin Middle School building and facilities after other students were dismissed and released from rehearsals for the school talent show and from winter fitness sessions, at which time Askins commenced a course of action to sexually abuse and sexually assault the minor M.E.H.

20. In early 2017, Askins also engaged in open, notorious and obvious contact with the minor Plaintiff, such as kissing her during winter fitness sessions; holding her hand during after-school talent show rehearsal sessions; engaging her in physical contact behind his desk during home room on a near-daily basis, all on middle school property in the immediate proximity of other students and school faculty.

21. In fact, on Valentine's Day, February 14, 2017, Askins bought and presented M.E.H. gifts in his office outside of regular school/class hours, at which time he expressed his love for M.E.H. and subjected her to intimate physical contact.

4

22. By the second half of the 2016-2017, it became widely known by both the student body and faculty in the Franklin Middle School that Askins and M.E.H. shared a mutual affection for each other that exceeded a professional "teacher-pupil" relationship.

23. On one or more occasions during the 2016-2017 school year, faculty at the middle school approached Cohlhepp to alert her to the fact that Askins was spending an inordinate amount of time with the minor M.E.H., and expressed their concern that Askins' level of contact and relationship with M.E.H. appeared over-familiar and inappropriate.

24. After being approached by middle school faculty concerned about M.E.H.'s relationship with Askins and learning of Askins' Valentine's Day gifts to M.E.H, the Plaintiff-parents met with Cohlhepp on two (2) occasions in late March 2017 to express their alarm and concerns over Askins' involvement with the minor Plaintiff.

25. During these meetings with Cohlhepp, the Plaintiff-parents disclosed and discussed their concerns about Askins as follows:

   a. Valentine's Day gifts he gave their minor daughter in violation of the District's policies governing adult/student boundaries;

   b. M.E.H. was spending an inordinate amount of time alone with Askins after other students were dismissed and released from talent show rehearsals and winter fitness sessions, even on days M.E.H. did not attend school – a violation of the District's policies;

   c. The physical closeness and contact between Askins and M.E.H. both during school hours and during witness fitness sessions, and the general over-familiarity between teacher and pupil, which included M.E.H. always referring to Askins by his first name;

   d. The fact other middle school faculty had contacted the Plaintiffs to express their concerns over Askins' relationship with their minor daughter M.E.H.; and

5

   e. The fact that Askins appeared at extracurricular, non school-sanctioned events to spend time with M.E.H.

26. The Plaintiffs expressed to Cohlhepp their concerns that Askins' actions toward M.E.H. displayed grooming behavior, and exposed the minor Plaintiff to victimization in light of her delicate emotional vulnerability that followed their tragic family circumstance.

27. In response to the Plaintiffs' expressed concerns, Cohlhepp downplayed Askins' behavior by stating that Askins was a "good guy"; "a new and inexperienced young teacher who just needs more training about boundaries with students"; and that the District could not control what teachers, and specifically Askins, do with students outside of school.

28. At the conclusion of their meetings, Cohlhepp re-assured the Plaintiffs that she and the Defendant Dye would (a) investigate the matter; (b) counsel Askins on the inappropriate nature of gift-giving to students, including the minor M.E.H., and (c) closely monitor Askins and the minor Plaintiff and keep them separated during school hours.

29. Despite being on notice of these admonitions and alleged concerns, Askins continued to have contact and spend time with M.E.H. during the regular school hours. In fact, the Plaintiff-parents were again approached by middle school faculty with concerns that the level of contact between Askins and M.E.H. had not decreased, and were advised to seek the intervention of other administrators in the District to address the situation.

30. Despite being on notice of the Plaintiffs' concerns and the admonitions of Cohlhepp and Dye, Askins continued to meet M.E.H. both prior to and after regular school hours when Askins continued to engage the minor Plaintiff in sexual contact, including oral sex and sexual intercourse, both in his office in the Franklin Middle School building and outside of school property.

31. With deliberate indifference to the important concerns of the Plaintiff-parents, Defendants refused to conduct a thorough investigation of their allegations, and failed to take any meaningful action to discipline Askins, or to otherwise prevent his further abuse of the minor Plaintiff.

32. As a consequence, Askins was enabled to persist in his pattern of abuse toward the emotionally vulnerable minor Plaintiff student.

33. In May 2017, the Pennsylvania State Police investigated Askins' sexually abusive conduct toward minor Plaintiff herein.

34. As a result of the investigation, Askins was charged with several crimes related to his conduct, including involuntary deviate sexual intercourse, statutory sexual assault, aggravated indecent assault, interference with custody of children, corruption of minors and indecent assault. He has pleaded guilty to, and was sentenced to a term of incarceration for, the criminal charges arising from his inappropriate physical contact with minor Plaintiff herein.

35. As a result of the outrageous abuse she suffered at Askins' hands, minor Plaintiff has sustained severe harm, including, but not limited to, severe emotional distress and anxiety, depression and social withdrawal, including withdrawal from affectionate contact with her parents and family members, disruption of her ability to enjoy life's pleasures, and destruction of her sense of safety and well-being.

36. As a further result of the abuse she suffered at Askins' hands, and the deliberately indifferent reaction to the Plaintiffs' complaints by the other Defendants, the minor Plaintiff's academic performance and behavioral conduct have deteriorated, and she

has suffered a significant interference with her ability to learn and otherwise enjoy the benefits of education and educational services of the District, to her permanent detriment.

37. As a result of the harm suffered by their daughter, the Plaintiff-parents have incurred and will be required to incur in the future expenses in obtaining treatment, education at an alternative school district, and other means of abating the deleterious effects of the abuse.

### F. Causes of Action

### COUNT 1

### PLAINTIFFS VS. FRANKLIN AREA SCHOOL DISTRICT

### VIOLATION OF CIVIL RIGHTS, 42 U.S.C. §1983

38. Plaintiffs incorporate by reference paragraphs one through thirty-seven as if the same were set forth herein at length.

39. At all relevant times, the minor Plaintiff had a right to be free of improper and illegal intrusions on the integrity of her body and person, which right is secured and guaranteed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and the decisions of the United States Supreme Court, the United States Court of Appeals for the Third Circuit and the Federal District Courts within the Third Circuit Court of Appeals.

40. Defendant District, as a local government agency and as an entity charged with the custodial supervision of the minor Plaintiff while she was engaged in educational and extracurricular activities associated with the Franklin Middle School, was responsible to protect her against, and not to engage in, any unlawful violations of the minor Plaintiff's rights secured under the Due Process Clause of the Fourteenth Amendment to the United States Constitution,

including violations of her right to be free of improper and illegal intrusions upon the integrity of her body and person.

41. Prior to Askins' sexual assaults upon M.E.H, the Defendant District knew, or was on actual notice, that Askins had propensities to sexually abuse M.E.H. and other female students and also had actual prior notice of ongoing improper contacts and relationship by Askins with M.E.H. that posed a significant threat to the health, safety and welfare of M.E.H. and the student body of the District in general.

42. At all relevant times, the Defendant District acted through its agents, servants and employees, including its superintendent and middle school principal.

43. There existed in the District, a custom, practice and/or policy of deliberate indifference to and/or concealment of instances of known improper contacts and relationship by Askins with M.E.H. and known sexual assaults upon and abuse of Askins with M.E.H.

44. This custom, practice and/or policy of deliberate indifference to and/or concealment of instances of known improper contacts and relationship by Askins with M.E.H. and known sexual assaults upon and abuse of M.E.H. by Askins occurred during the 2016-2017 school year.

45. In support of the immediately preceding paragraphs, Plaintiffs incorporate paragraphs 1 through 37 and plead the following with particularity:

    a. Administrative representatives of the Defendant received numerous complaints about the relationship between Askins and M.E.H;

    b. Despite these complaints, neither the Defendant nor its representatives did anything to prevent the sexual assaults upon M.E.H. by Askins;

  c.  Askins had improper contact with M.E.H., including improper touching in the public eye, that was not stopped or corrected;

  d.  Representatives of the District advised the parents of M.E.H. that they acknowledged their complaints about the situation and would investigate them, but did nothing to further or assist the investigation;

  e.  Representatives of the District, including the superintendent and the middle school principal, did not advise law enforcement of the situation to further any investigation of the matter;

  f.  The middle school principal was informed by middle school faculty that Askins continued to have contact with M.E.H. at the middle school and did nothing to prevent contact between the two, despite the fact that she had knowledge of an improper relationship which the District failed to thoroughly investigate;

  g.  The District, through its representatives, permitted Askins to have continuing contact with M.E.H., despite complaints of an improper relationship with a student lodged against Askins by other faculty;

  h.  The District's representatives, including the superintendent and middle school principal, not only did not prevent or deter contact between Askins and M.E.H., but also permitted Askins and M.E.H. to be alone together after receiving complaints about the relationship between the two;

  i.  The District's representatives confronted and warned Askins about his relationship with M.E.H, but took no steps to insure it did not continue;

  j.  The District did not suspend and/or terminate Askins given the information that existed or pending an investigation; and

  k. The District, with knowledge of the complaints against Askins, allowed him to have contact with M.E.H. before and after regular school hours in the later portion of the 2016-2017 school year, during which period he sexually abused and assaulted M.E.H.

  46. These failures or oversights by the District constituted a custom, practice and/or policy of deliberate indifference, which consisted of the following:

  a. Deliberate indifference to the misconduct and constitutional deprivations perpetrated by its subordinate, agent and employee, Askins;

  b. Deliberate indifference to the constitutional rights of M.E.H. and other students in the District;

  c. Deliberate indifference to the need for training and supervision of teachers, coaches and extracurricular activities supervisors and coordinators, such as Askins, with respect to impermissible conduct and contact with students;

  d. Permitting Askins to remain in charge of extracurricular student activities despite knowledge that Askins presented a significant threat to the health, safety and welfare of the student participants;

  e. Failing to investigate and institute disciplinary action against Askins, who the District knew posed a significant threat to the health, safety and welfare of M.E.H. and the student population;

  f. Failing to require the monitoring of Askins' activities despite actual knowledge that he posed a significant threat to M.E.H. and the student population of the high school;

  g. Failing to take steps to prevent contact by Askins with M.E.H. after actual notice of an improper relationship between the two as early as March, 2017;

      h.      Failing to advise law enforcement of Askins' conduct after being notified by teachers of the District on several occasions; and

      i.      Failing to implement, enforce and/or follow a proper policy or procedure to insure the identification and reporting of sexual abuse of students by teachers.

47. At all material times Askins and the members of the District administration acted under color of state law, and the school district acted through its administration and agents, servants and employees.

48. The deliberately indifferent customs, practices and/or policies of the District, as set forth above, created a climate in which Askins could prey upon M.E.H. and other students with impunity.

49. As a direct and proximate result of the aforesaid customs, practices and/or policies of the District, M.E.H. was deprived of her rights, privileges and immunities secured by the constitution or laws of the United States, specifically her liberty interest and interest in personal bodily integrity and freedom from sexual assault and abuse guaranteed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

50. As a further proximate result of the customs, practices and/or policies of the District, the Plaintiffs have suffered in the past, and will continue to suffer in the future, the harms and damages alleged herein above.

## COUNT II

## PLAINTIFFS VS. FRANKLIN AREA SCHOOL DISTRICT

## VIOLATION OF TITLE IX OF THE EDUCATION AMENDMENTS OF 1972, 20 U.S.C. §§1681, *et seq.*

51. Plaintiffs incorporate by reference paragraphs one through fifty above as if the same were set forth herein at length.

52. As a provider of educational programs and services receiving federal funds, the District is required to provide the benefits of those services and programs without discriminating on the basis of sex.

53. As alleged hereinabove, the District, by and through its faculty, administrative staff and policy makers, intentionally disregarded the rights and safety of female students, including minor Plaintiff, and disregarded and failed to act on complaints and concerns of abuse by the District faculty and the Plaintiff-parents.

54. Due to the District's intentional acts and maintenance of customs and policies alleged hereinabove, minor Plaintiff was subjected to gender-based harassment, abuse and inappropriate physical contact by Askins, suffering the relevant harms averred above.

55. The District's conduct comprised illegal discrimination against minor Plaintiff, proscribed by Title IX and causing the harm she suffered.

## **COUNT III**

## **PLAINTIFFS VS. PAMELA DYE, SUPERINTENDENT OF THE FRANKLIN AREA SCHOOL DISTRICT; and CHRISTINA F. COHLHEPP, PRINCIPAL OF THE FRANKLIN MIDDLE SCHOOL**

## **VIOLATION OF CIVIL RIGHTS, 42 U.S.C. §1983**

56.     Plaintiffs incorporate by reference paragraphs one through fifty-five as if the same were fully set forth herein at length.

57.     At all relevant times, Defendant Dye, in her capacity as superintendent of the District; and Cohlhepp, in her capacity as principal of the Franklin Middle School, jointly and/or severally, had responsibility for the oversight and supervision of teacher employees of the Franklin Middle School, including specific oversight and supervision of Askins.

58.     At all relevant times, Defendant Dye, in her capacity as superintendent of the District; and Cohlhepp, in her capacity as principal of the Franklin Middle School, had responsibility for the investigation of improper, inappropriate, unprofessional, or illegal contacts between teacher employees and members of the student body at the Franklin Middle School.

59.     At all relevant times, Defendant Dye, in her capacity as superintendent of the District; and Cohlhepp, in her capacity as principal of the Franklin Middle School, jointly and/or severally, by reason of their obligations and responsibilities set forth above, were responsible for protecting the students of the Franklin Middle School, including the minor Plaintiff from improper and sexual advances, illegal sexual assaults, and/or other harmful and unlawful intrusions upon the integrity of the students committed by teacher-employees of the Franklin Middle School, including Askins.

60.     Prior to some of the unlawful sexual assaults committed upon the minor Plaintiff, described in the preceding paragraphs of this Complaint, Defendants Cohlhepp and Dye, jointly

and/or severally, had received notice that Askins had an improper relationship with the minor Plaintiff.

61. Prior to some of the unlawful sexual assaults committed upon the minor Plaintiff, Defendants Cohlhepp and Dye, jointly and/or severally, received notice that the minor Plaintiff was spending an inordinate amount of time with Askins and was in his classroom and office on occasions when she should not be there.

62. Prior to some of the unlawful sexual assaults committed upon the minor Plaintiff, Defendants Cohlhepp and Dye, had discussions with Askins and/or the minor Plaintiff regarding the numerous inappropriate contacts that Askins was having with the minor Plaintiff and the inordinate amount of time that Askins was spending with the minor Plaintiff.

63. Prior to some of the unlawful sexual assaults committed upon the minor Plaintiff, Defendants Cohlhepp and Dye had received complaints from other faculty of the District of the inordinate amount of time that Askins was spending with the minor Plaintiff.

64. Prior to some of the sexual assaults committed upon the minor Plaintiff and after receiving complaints, Defendants Cohlhepp and Dye allowed or condoned Askins' continued contact in the middle school with the minor Plaintiff.

65. Prior to some of the unlawful sexual assaults committed upon the minor Plaintiff, Defendant Cohlhepp advised the parents of the minor Plaintiff that the District, including superintendent Dye, were engaging in an investigation of the situation, but in fact did nothing to prevent the attacks upon the minor Plaintiff and/or improper contact between the minor Plaintiff and Askins or to further said investigation.

66. Based upon the notice of Askins' conduct received by these Defendants, described in the paragraphs set forth above, the Defendants were aware, prior to some of the

actual sexual assaults upon the minor Plaintiff, that there existed a substantial risk that Askins, in his capacity as coach and extracurricular activities coordinator/supervisor, would seek improper and/or unlawful relationships with the female students at the Franklin Middle School and specifically with the minor Plaintiff.

67. Plaintiffs believe and therefore aver that Defendants Cohlhepp and Dye, jointly and/or severally, adopted and implemented a plan, policy or custom that facilitated or allowed improper, inappropriate and unprofessional and illegal contacts between Askins and the minor Plaintiff.

68. Plaintiffs believe and therefore aver that Defendants Cohlhepp and Dye, jointly and/or severally, adopted and implemented a plan, policy or custom at the Franklin Middle School that made it clear that this relationship between Askins and the minor Plaintiff would not be investigated and would be tolerated, or in the alternative, to the extent that it was a plan, policy, practice or custom of these Defendants to investigate, and to discourage, prevent, or punish such instances of conduct, then in that event these Defendants made a conscious and deliberate determination not to enforce such policy or plan against Askins, after these Defendants, jointly and/or severally, received notification of the instances of improper, inappropriate and unprofessional contact between, or conduct by, Askins and the minor Plaintiff as set forth in the preceding paragraphs.

69. Plaintiffs believe and therefore aver that the actions of the Defendants, jointly and/or severally, in failing and/or improperly investigating Askins' conduct and failing and/or refusing to initiate effective remedial action as described above, were undertaken pursuant to a policy, plan, custom or practice of not investigating this situation, and acquiescing in instances or improper, inappropriate and unprofessional contacts by teacher-employees with students, or in

the alternative, was undertaken pursuant to a conscious and deliberate plan or policy to accord preferential treatment to Askins, which determination was motivated by Askins' age and popularity at the District and among the District's administration.

70. By failing and/or refusing to investigate improper, inappropriate and unprofessional conduct by Askins, and by failing and/or refusing to initiate effective remedial action for such conduct, Defendants Cohlhepp and Dye, jointly and/or severally, acted with deliberate indifference to their obligations to protect the students of the Franklin Middle School, including the minor Plaintiff, against unlawful intrusions upon their bodily integrity, and with deliberate indifference to the rights and protection guaranteed to the students by the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

71. By failing and/or refusing to investigate inappropriate and unprofessional conduct by Askins, and by refusing and/or failing to initiate effective remedial action for such conduct, and by sanctioning, permitting and authorizing Askins to continue to have frequent, close and unsupervised contact with female students, including the minor Plaintiff, in connection with the both curricular and extracurricular functions for the District, Defendants Cohlhepp and Dye, jointly and/or severally, acted to create a substantial danger that the minor Plaintiff would be subjected to continuing improper and illegal sexual assaults by Askins.

72. Defendants Cohlhepp and Dye, jointly and/or severally, through a conscious policy, plan, custom or practice, in which they failed and/or refused to investigate inappropriate and unprofessional conduct by Askins, and by failing and/or refusing to initiate effective remedial action for such conduct as described in the preceding paragraphs, directly and proximately caused the minor Plaintiff to be sexually assaulted by Askins and to sustain an

17

improper and illegal intrusion upon her bodily integrity in violation of the rights secured to her by the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

73. The actions of Defendants Cohlhepp and Dye, which were undertaken with deliberate indifference to the rights, safety and protection of the minor Plaintiff, render these Defendants liable to the Plaintiffs for damages in accordance with the Statutes and Laws of the United States, including 42 U.S.C. §1983.

74. Based on the foregoing, Plaintiffs allege a violation of the civil rights of the minor Plaintiff and seek damages against Defendants Cohlhepp and Dye for the injuries and damages alleged herein above.

## COUNT IV

## PLAINTIFFS VS. KYLE S. ASKINS

## VIOLATION OF CIVIL RIGHTS, 42 U.S.C. §1983

75. Plaintiffs incorporates herein by reference paragraphs one through seventy-four as though each were set forth in its entirety.

76. Taking advantage of his capacity as minor Plaintiff's teacher and coach, and the attendant authority created under state law, Askins, through the conduct alleged hereinabove, violated minor Plaintiff's civil and constitutional rights under the Fourteenth and Fifth Amendments of the Constitution of the United States, including her right to security of person, due process and equal protection.

77. Plaintiffs suffered the harms and damages alleged hereinabove as a result of the Constitutional violations committed by Askins.

## COUNT V

## PLAINTIFFS VS. KYLE S. ASKINS

### ASSAULT & BATTERY
### (SUPPLEMENTAL JURISDICTION)

78. Plaintiff incorporates herein by reference paragraphs one through seventy-seven as though each were set forth in its entirety.

79. Askins' conduct as alleged in Paragraphs 19 through 21 and 30 hereinabove comprised an assault upon the minor Plaintiff, and unauthorized contact with her person (battery). Plaintiffs suffered the harms and damages averred hereinabove as a result.

### G. Punitive Damages Allegation

80. Plaintiffs incorporate by reference paragraphs one through seventy-nine as if the same were set forth herein at length.

81. Askins' intentional conduct was outrageous and wanton, and committed in total, reckless disregard for minor Plaintiff's well-being and the laws intended to protect her and similarly situated children, including the criminal laws of Pennsylvania proscribing indecent and sexual assault and corruption of minors, thereby warranting the imposition of punitive damages.

### H. Jury Demand

82. Plaintiffs demand a jury determination of all issues so triable.

## I. <u>**Prayer for Relief**</u>

WHEREFORE, Plaintiffs ask the Court to enter judgment in their favor and against Defendants, individually, jointly and separately, and to award them the following relief:

    a.    general and compensatory damages against all Defendants;

    b.    an award of punitive damages against Askins;

    c.    an award of attorney's fees and costs pursuant to 42 U.S.C. §988 and Title IX; and

    d.    such other relief as the Court deems just and equitable.

Respectfully submitted,

Date: March 1, 2019

s/ Wayne H. Hundertmark, Esquire
Wayne H. Hundertmark, Esquire
Pa. I.D. No.: 35158
1266 Liberty Street
Franklin, PA 16323
Phone: (814) 437-7128
Fax: (814) 432-5671
Email: hundertmarklaw@gmail.com

s/ Robert Varsek, Esquire
Robert Varsek, Esquire
Pa. I.D. No.: 72936
112 Center Street
Oil City, PA 16301
Phone: (814) 677-3094
Fax: (814) 677-5102
Email: robertvarsek@yahoo.com